UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT L. STABNOW,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TONY LOUREY, NANCY JOHNSTON, JANNINE HEBERT, JAMES BERG, DAVID BORNUS, KEVIN MOSER, TERRY KNEISEL, PETER PUFFER, NANCY STACKEN, JORDAN GOODMAN, KRIS HUSO, LAURIE SEVERSON, RYAN FAHLAND, JANA BRISTER-KORBY, DEBBIE THAO, CHARLES FAI, TINA OLSEN, DAVID AVRIL, ROSS PETERSON, DR. AMY FARMER, ALLISON IMMEL, RANDY GORDON, TAYAH ZUK, MINNESOTA SEX OFFENDER PROGRAM, and THE STATE OF MINNESOTA,<br><br>　　　　　Defendants. | Case No. 19-cv-1664 (NEB/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

　　　Plaintiff Robert L. Stabnow, a civil detainee at the Minnesota Sex Offender Program ("MSOP"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against MSOP, the State of Minnesota, and numerous employees of MSOP. Stabnow primarily alleges that MSOP is violating his religion by forcing him to participate in treatment programs that offend him, and that when he refuses to participate, they take actions designed to coerce him back into participation. Of note, he alleges that he was placed in a special behavioral unit for refusing treatment, and while in the unit he was assaulted by another detainee. Stabnow believes that he would not have been assaulted and would not

1

have been in the behavioral unit if staff were not trying to coerce him back into treatment programming.  He claims that MSOP staff have failed to protect him, have violated his right to adhere to his religion, have failed to train each another or to correct each other's wrongs, and are enforcing Minnesota statutes that are legally defective or discriminatory.

This matter is before the Court on Stabnow's motion for a temporary restraining order.  [Doc. No. 6.]  The matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and D. Minn. LR 72.1(c). Stabnow seeks to enjoin MSOP from placing him back in the unit where he claims he was assaulted, instead of placing him in a different unit they allegedly promised him.  In support of his motion, he filed a memorandum of law [Doc. No. 8], a supporting affidavit [Doc. No. 9], and two exhibits [Doc. No. 10].

Courts may grant injunctive relief through a preliminary injunction or a temporary restraining order ("TRO").  *See* Fed. R. Civ. P. 65(a), (b).  TROs are appropriate where the moving party shows reason why the opposing party should not be provided advance notice.  *See* Fed. R. Civ. P. 65(b)(1).  When a defendant has received notice and had an opportunity to respond to a motion for a TRO, the motion will be construed as one for a preliminary injunction.  *See Carlson v. City of Duluth*, 958 F. Supp. 2d 1040, 1052 n.1 (D. Minn. 2013) (construing motion for TRO as a motion for preliminary injunction where defendant responded to the motion).  Here, there is no indication on the record that Stabnow has given notice of the motion to Defendants, nor has Stabnow shown why Defendants should not be provided advance notice.  As a result, this Court may not issue a TRO or a preliminary injunction at this time and recommends that the motion be denied

2

without prejudice.

In the alternative, the Court recommends that the motion be denied without prejudice on the merits. A court must consider four factors in deciding whether to grant a TRO or preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). "The threshold inquiry is whether the movant has shown the threat of irreparable injury." *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987). "Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted." *Id.* at 420. The party seeking a TRO bears the burden of establishing his entitlement to the relief under the *Dataphase* factors. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Stabnow has failed to meet his burden in this case.

First, the Court cannot discern at this early phase of the litigation whether Stabnow is likely to succeed on any of his claims. His 56-page complaint attacks many aspects of his confinement at MSOP, some of which may have redress and others which may not.

Second, and more importantly, Stabnow has not identified any irreparable harm that he will suffer if he is transferred to the 1E living unit at MSOP. He alleges that he was previously in the unit and was assaulted because he got into a dispute with another client, but he does not allege that the other client still resides in the unit, nor does he allege he has reason to fear future assaults absent a new dispute. There is no basis on

which to conclude that the transfer would place him in immediate physical danger or prevent him from litigating this case.

Third, granting the injunction will interfere with Defendants' ability to administer the MSOP. As Stabnow acknowledges, the Eighth Circuit has warned that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (*quoting Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). This is also true for the administration of a facility that houses civilly committed sex offenders. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 887 (8th Cir. 2006); *Aune v. Ludeman*, Case No. 09-cv-15 (JNE/SRN), 2009 WL 1586739, at *2, 5 (D. Minn. June 3, 2009). It appears that Stabnow does not want to participate in certain aspects of treatment programming at MSOP, and MSOP officials have been tasked with housing him in alternative conditions. They might encourage Stabnow to participate in treatment so that he can access all services and the accompanying benefits, but they are not putting him at risk of immediate physical harm by doing so. MSOP officials are entitled to make judgment calls about where to place and care for the clients housed in their facility. Granting the injunctive relief sought by Stabnow would interfere with the informed judgment of MSOP officials "as to what would . . . best serve institutional security or the safety and welfare of the [detainee]." *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).

Finally, the Court cannot identify any way in which the public interest would be served by enjoining Defendants from moving Stabnow to a different housing unit at MSOP.

For these reasons, the Court recommends that Stabnow's motion for a TRO or preliminary injunctive be denied without prejudice. As the case continues, it is possible that Stabnow may wish and have grounds to bring another motion for injunctive relief. At this juncture, however, he has not met the requirements for the extraordinary remedy of emergency injunctive relief.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** Plaintiff Robert Stabnow's Motion for Emergency Temporary Restraining Order [Doc. No. 6] be **DENIED WITHOUT PREJUDICE**.

Dated: July 23, 2019        s/ *Hildy Bowbeer*
                            Hildy Bowbeer
                            United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).