# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT L. STABNOW,<br><br>Plaintiff,<br><br>v.<br><br>TONY LAUREY; NANCY JOHNSTON; JANNINE HEBERT; JAMES BERG; DAVID BORNUS; KEVIN MOSER; TERRY KNEISEL; PETER PUFFER; NANCY STACKEN; JORDAN GOODMAN; KRIS HUSO; LAURIE SEVERSON; RYAN FAHLAND; JANA BRISTER-KORBY; DEBBIE THAO; CHARLES FAI; TINA OLSEN; DAVID AVRIL; ROSS PETERSON; DR. AMY FARMER; ALLISON IMMEL; RANDY GORDON; TAYAH ZUK; all in their official and individual capacities; MINNESOTA SEX OFFENDER PROGRAM, and THE STATE OF MINNESOTA,<br><br>Defendants. | Case No. 19-CV-1664 (NEB/HB)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

The Court has received the July 23, 2019 Report and Recommendation of United States Magistrate Judge Hildy Bowbeer. [ECF No. 15 ("R&R").] Judge Bowbeer recommends denying pro se plaintiff Robert L. Stabnow's Motion for Temporary Restraining Order [ECF No. 6] without prejudice because Stabnow provides no reason why the defendants should not receive advance notice of the motion. (R&R at 2.) In the alternative, Judge Bowbeer recommends denying the motion because it fails on the merits under the four factors of

*Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Stabnow objected to the R&R. [ECF No. 23 ("Pl. Obj.").] This Court reviews the R&R de novo. *See, e.g., Semler v. Ludeman*, No. CIV 09-0732 ADM/SRN, 2010 WL 145275, at *2 (D. Minn. Jan. 8, 2010). Since the filing of the R&R, Stabnow has notified the defendants of this lawsuit. [ECF Nos. 25–27.] As a result, the Court will treat his motion as a request for a preliminary injunction. *See Buffalo Wild Wings Int'l, Inc. v. Grand Canyon Equity Partners, LLC*, 829 F. Supp. 2d 836, 838 (D. Minn. 2011).

One of the *Dataphase* factors is, of course, that a movant seeking a preliminary injunction or TRO must show a threat of irreparable harm. (R&R at 3 (citing *Dataphase Sys. Inc.*, 640 F.2d at 114)). Stabnow claims he will suffer harm if he is transferred to the 1D living unit at MSOP. This is so, Stabnow argues, because he "was previously in the unit and was assaulted because he got into a dispute with another client." (R&R at 3.) But as the R&R notes, Stabnow "does not allege that the other client still resides in the unit, nor does he allege that he has reason to fear future assaults absent a new dispute." (*Id.*) Without specific allegations of a threat of irreparable harm, this Court cannot grant Stabnow a preliminary injunction.

In his objections to the R&R, Stabnow makes several arguments about why he faces irreparable harm. He argues (1) that "the staff that work on these units have, and continue to, abuse [him] as a result of his refusing to participate in their treatment . . . ." and (2) that he "is of the belief that if he willfully participates in doing wrong that he is in danger of

2

being damned for all of his eternal existence." (Pl. Obj. 3–4.) But Stabnow made neither of these arguments before Judge Bowbeer, and the Court need not consider them.[1] *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). Even if considered, however, neither argument is supported by any facts or evidence beyond the conclusory allegations in Stabnow's objections. *See Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1055 (D. Minn. 2019) (denying a preliminary injunction when the plaintiff "framed this risk of irreparable harm . . . in general, conclusory terms and without citation to evidence." (quoting *Mgmt. Registry, Inc. v. A.W. Cos.*, No. 17-CV-5009 (JRT/FLN), 2018 WL 461132, at *6 (D. Minn. Jan. 16, 2018))). Because Stabnow has failed to demonstrate irreparable harm, denial of the preliminary injunction is proper.

---

[1] The Court acknowledges that Stabnow is appearing pro se. While "pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## CONCLUSION

Based on all the files, records, and proceedings herein, the Court OVERRULES the Plaintiff's objections [ECF No. 23] and ACCEPTS the R&R [ECF No. 15]. As a result, IT IS HEREBY ORDERED THAT the Plaintiff's Motion for Emergency Temporary Restraining Order [ECF No. 6] is DENIED WITHOUT PREJUDICE.[2]

Dated: September 5, 2019

BY THE COURT:

s/Nancy E. Brasel

Nancy E. Brasel
United States District Judge

---

[2] The Court has received Stabnow's letter filed on August 14, 2019, which cites difficulty communicating with the Court because of MSOP's monitoring of phone calls and his belief that his calls with the Court are "Privileged." [ECF No. 24.] The Court notes that he may schedule a hearing by letter rather than telephone; in addition, the Court considers many motions on the papers without holding a hearing at all. More importantly, communications with the Court are never "privileged" and all communications, no matter how transmitted, must be copied to opposing counsel. In fact, the applicable rules require a moving party to serve the opposing party with motion papers. *See* Fed. R. Civ. P. 5(a). The Court notes as well that MSOP governs the monitoring of its phone calls, and the Court will not order that telephone contact with the Court be exempt from MSOP's monitoring policies.