UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT L. STABNOW, | Case No. 19-CV-1664 (NEB/HB) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| TONY LOUREY, NANCY JOHNSTON, JANNINE HEBERT, JAMES BERG, DAVID BORNUS, KEVIN MOSER, TERRY KNEISEL, PETER PUFFER, NANCY STACKEN, JORDAN GOODMAN, KRIS HUSO, LAURIE SEVERSON, RYAN FAHLAND, JANA BRISTER-KORBY, DEBBIE THAO, CHARLES FAI, TINA OLSEN, DAVID AVRIL, ROSS PETERSON, DR. AMY FARMER, ALLISON IMMEL, RANDY GORDON, TAYAH ZUK, THE MINNESOTA SEX OFFENDER PROGRAM, THE STATE OF MINNESOTA, JODI HARPSTEAD, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss (ECF No. 40) and on Plaintiff Robert Stabnow's Motion for a Temporary Restraining Order (ECF No. 48) and Motion to Amend his Amended Complaint (ECF No. 81). In a Report and Recommendation dated March 16, 2020, United States Magistrate Judge Hildy Bowbeer recommended that some of Stabnow's federal claims and all of his state-law claims be dismissed without prejudice and that the remainder of his claims be dismissed with

1

prejudice. (ECF No. 89 ("R&R").) The R&R further recommended denying Stabnow's request for injunctive relief and denying his Motion to Amend on the basis that such amendment would be futile. Stabnow objected to the R&R. (ECF No. 90 ("Pl.'s Obj.").) For the reasons set forth below, the Court overrules Stabnow's objections and accepts the R&R.

## BACKGROUND

Stabnow is civilly committed to the Minnesota Sex Offender Program ("MSOP"). Defendants are various staff members of MSOP, the former and current Commissioner of Minnesota's Department of Health & Human Services, the State of Minnesota, and MSOP itself. Stabnow's *pro se* Amended Complaint (ECF No. 4 ("Am. Compl.")) alleges that Defendants have attempted to force him to undergo treatment that interferes with his religious beliefs (Am. Compl. ¶ 3(A)), and that when he protests this treatment, Defendants retaliate against him. (*E.g.*, *id.* ¶ 39.) He contends that he has been subject to deliberate indifference (*id.* ¶ 80), and that MSOP's disciplinary hearings violate his due-process rights. The Amended Complaint raises four claims: failure to protect (*id.* ¶ 79), deliberate indifference to "unjust punishment and torture" (*id.* ¶ 80), "willful neglect of [his] rights" (*id.* ¶¶ 81–83), and "MSOP is a prison" (*id.* ¶ 84). He asks for damages of five

million dollars; a declaration that Minnesota's civil-commitment statute, Minn. Stat. § 253D, is unconstitutional; and that the Court close MSOP. (*Id.* ¶ 85.)[1]

As required,[2] Magistrate Judge Bowbeer liberally construed Stabnow's pleadings and determined that he was attempting to raise claims under the First, Eighth, and Fourteenth Amendments, in addition to claims under state law. (R&R at 4.) In his objections, Stabnow argues that the Magistrate Judge misconstrued most of his claims. He asserts that Magistrate Judge Bowbeer misconstrued his due-process claim as arising under the Fourteenth Amendment when he actually raises a claim for violations of the Sixth Amendment. (Pl.'s Obj. at 10.)[3] And he insists that he is not raising a separate claim for excessive force, but rather a claim that Defendants used excessive force when retaliating against him for his protests. (*Id.* at 7–8.) He argues that his First Amendment

---

[1] Stabnow's proposed Second Amended Complaint (ECF No. 81-2 ("2d Am. Compl.")) adds federal constitutional citations to each of his previous claims, and adds a claim for retaliation "in violation of state and federal law as applicable in the First, Fifth, Sixth, Eighth and Fourteenth Ammendments [sic]." (2d Am. Compl. Count V at ¶ 125.) Stabnow also cites the federal Bill of Rights for Mental Health Patients, 42 U.S.C. § 9501, in support of his claims. (*Id.* ¶ 3.) And in addition to the relief requested in the Amended Complaint, the new proposed pleading asks for unspecified compensatory damages, punitive damages of five million dollars, and that the Court enjoin the Minnesota legislature from enforcing the laws that govern MSOP. (*Id.* ¶ 128(d).)

[2] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that a *pro se* complaint is to be held to "less stringent standards than formal pleadings drafted by lawyers" (citation and quotation marks omitted)).

[3] However, he also discusses substantive due process under the Fourteenth Amendment in connection with this claim. (Pl.'s Obj. at 10.)

3

claim is not only for retaliation, as Magistrate Judge Bowbeer found, but also for interference with his First Amendment rights, specifically his right to refuse to participate in therapy programs because they violate his religious beliefs. (*Id.* at 9.) He argues that Eleventh Amendment immunity should not apply because state officials and employees are not above the law. (*Id.* at 3.) Finally, he takes issue with the R&R's conclusion that Minnesota's civil-commitment statute is constitutional. (*Id.* at 11.)

The Court reviews *de novo* those portions of the R&R to which objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* D. Minn. L.R. 72.2(b)(3).

## ANALYSIS

### I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the Court to dismiss a complaint if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a Rule 12(b)(6) motion to dismiss, a court must "tak[e] all facts alleged in the complaint as true, and mak[e] reasonable inferences in favor of the nonmoving party." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014). Although the factual allegations need not be detailed, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The court "is not limited to the allegations in the complaint, but may also consider materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Smithrud*, 746 F.3d at 397 (citation and quotation marks omitted). *Pro se* complaints are to be construed liberally, but "must allege sufficient facts to support the claims advanced." *Stringer v. St. James R–1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (citation omitted).

Although courts should freely give leave to amend a pleading "when justice so requires," Fed. R. Civ. P. 15(a)(2), "there is no absolute right to amend." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). The Court will deny as futile a motion to amend if the amended pleading cannot survive a motion to dismiss under the standards discussed above. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Like the R&R, the Court will examine both Stabnow's Amended Complaint and his proposed amendment under Rule 12(b)(6).

## II.     Eleventh Amendment

Stabnow asks the Court to hold Defendants liable in their official capacities and to award him money damages. But the Eleventh Amendment prohibits a federal court from levying money damages against a state official sued in his or her official capacity unless the state has waived that immunity or Congress has abrogated it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) (noting that even "if a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred

5

from awarding damages against the state treasury even though the claim arises under the Constitution"). State officials can be held to account in federal court for violations of federal law only through non-monetary means, such as injunctive or declaratory relief. *Id.* The R&R correctly held that there has been no waiver of immunity for the claims Stabnow raises, nor has he demonstrated that Congress has abrogated the state's immunity on those claims. Thus, the Eleventh Amendment deprives this Court of jurisdiction over Stabnow's request for money damages against Defendants in their official capacities, and that aspect of his claims must be dismissed without prejudice. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (noting that federal courts lack subject-matter jurisdiction over claims barred by Eleventh Amendment).

### III. Eighth Amendment Claim

To establish a claim under the Eighth Amendment, Stabnow

> must show that (1) the alleged deprivation is objectively, sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities, and (2) that the prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning that the officials actually knew of and disregarded the risk.

*Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (citation and quotation marks omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (citation and quotation marks omitted).

6

Although the contours of Stabnow's Eighth Amendment claims are less than clear, he appears to contend that his assignment to a behavioral therapy unit ("BTU") constitutes an Eighth Amendment violation because he was assaulted by another client in the BTU and there were less-severe alternatives to placing him in the BTU. (Pl.'s Obj. at 5–6.) But he acknowledges that Defendants placed him in the BTU because of an "outward display of . . . anger." (*Id.* at 5.) He attempts to explain the reasons for his angry outburst, but those reasons are irrelevant to any claim that Defendants violated the Eighth Amendment by placing Stabnow in the BTU.

Neither Stabnow's Amended Complaint nor his proposed amendments to that pleading sufficiently allege an Eighth Amendment claim. He has not alleged that Defendants acted with anything approaching the state of mind such a claim requires. Rather, he offers only general allegations that do not tend to establish the requisite knowledge or intent on the part of any individual Defendant and concedes that his violation of MSOP rules caused his BTU placement.

Stabnow also objects that the R&R incorrectly categorized one of his Eighth Amendment claims as a claim for deliberate indifference to medical needs. (Pl.'s Obj. at 6–7; R&R at 9.) He asserts that this claim is for deliberate indifference to basic needs, because Defendants refused to allow him to replace his clothing when it was wearing out. (Pl.'s Obj. at 7.) The only mention of this alleged refusal in his pleadings is his factual contention that he was not allowed to participate in vocational programming that would

7

have allowed him to buy clothing and provide for his basic hygiene. (Am. Compl. ¶¶ 49–50.) But even if pleaded as a claim for deliberate indifference to basic needs, Stabnow has not alleged the extreme deprivation required for an Eighth Amendment claim. *See O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83–84 (8th Cir. 1996) (holding that prisoner was not denied "the minimal civilized measures of life's necessities" where deprived of underwear, blankets, mattress, exercise, and visits for several days (citation omitted)). Stabnow has failed to state a claim for deliberate indifference under the Eighth Amendment.

## IV. Excessive Force

The R&R liberally construed Stabnow's Amended Complaint as raising a claim for excessive force. (R&R at 10.) Stabnow objects, arguing that his claim is not one for excessive force but for retaliation. (Pl.'s Obj. at 7 (Stabnow's "statutorily protected right to file a grievance was interfered with as well as punished for protesting that interference.").) The Court will therefore examine his allegations and objections in the context of his retaliation claims below.

## V. First Amendment

### a. Retaliation

Stabnow alleges that Defendants retaliated against him for filing grievances. "The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). To sufficiently

plead a claim for First Amendment retaliation, Stabnow must allege not only that he filed grievances, but that Defendants "took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and [] the adverse action was motivated at least in part by" the filing of the grievance. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

The R&R concluded that Stabnow had not pleaded a claim for First Amendment retaliation, because he alleged only that he protested a staff member's failure to comply with MSOP's grievance policy and the staff member "wrote him up." (Am. Compl. ¶ 59; *see* R&R at 13.) He did not allege that the staff member's disciplinary action was in retaliation for his filing a grievance. The Magistrate Judge thus recommended dismissing Stabnow's retaliation claim without prejudice, because "there are conceivable facts under which [he] could allege" such a claim. (R&R at 13.) She also noted that his attempts to bolster the claim in the proposed Second Amended Complaint likewise failed, because even assuming he engaged in protected activity, he again did not allege that any Defendant retaliated against him for that activity. (*Id.* at 14.)

Stabnow's objections point to a state-law provision allowing MSOP patients to "voice grievances and recommend changes in policies . . . free from restraint, interference, coercion, discrimination, or reprisal . . . ." (Pl.'s Obj. at 7 (quoting Minn. Stat. § 144.651, subd. 20).) But state law cannot form the basis of a First Amendment retaliation claim. And even if this provision created any federally enforceable duties, Stabnow's retaliation

9

claim fails not because he has insufficiently alleged protected activity, but because he has failed to allege any causal connection between the activity and Defendants' actions. His First Amendment retaliation claim therefore will be dismissed without prejudice.

### b. Interference

Stabnow also objects to the R&R on the basis that it did not discuss his claim that Defendants interfered with his First Amendment rights by attempting to force him to undergo therapy that violates his religious beliefs. Again, he relies on Minnesota law for this claim, citing the Minnesota Constitution's religious-freedom provision. (Pl.'s Obj. at 9.) But the United States Constitution contains no comparable provision. Rather, the First Amendment addresses only governmental action that "prohibit[s] the free exercise" of religion. U.S. Const. Amend. I. Thus, the R&R correctly addressed Stabnow's interference claim as a free-exercise claim. (R&R at 14.)

As the R&R noted, a claim for violations of the First Amendment's religious-freedom clause lies only if Stabnow establishes that Defendants' requirements impose a substantial burden on his ability to practice his religion. (*Id.* (citing *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008).) Stabnow's allegations that MSOP's treatment protocols violate his religious beliefs areinsufficient to state a claim under the free-exercise clause: those protocols do not "significantly inhibit or constrain conduct or expression that manifests some central tenet of" his religious beliefs, or "meaningfully curtail [his] ability to express adherence to" those beliefs, nor do they "deny [him]

reasonable opportunities to engage in those activities that are fundamental to [his] religion." *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) (quotation omitted). His religious-freedom claims under the First Amendment will be dismissed.

## VI. Due Process and Sixth Amendment Claims

Stabnow objects that the R&R misconstrued his due-process claim as arising under the Fourteenth Amendment because he intended to claim a violation of his Sixth Amendment rights, including the right to face his accusers and present a defense. (Pl.'s Obj. at 10.) According to Stabnow, disciplinary hearings at MSOP are "just a formality" at which any evidence he presents is "ignored because it is predetermined that [he] is guilty of the rule violation based on the notion that it is more likely that he did violate the rules than he didn't." (*Id.*)

The requirements of the Sixth Amendment, however, apply only to criminal proceedings, not to MSOP disciplinary hearings. *See, e.g.*, *United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (noting that the Sixth Amendment does not apply to civil commitment proceedings). Thus, even if Stabnow properly pleaded a claim under the Sixth Amendment, that claim would be subject to dismissal for failure to state a claim.

## VII. Constitutionality of Minn. Stat. Ch. 253D

Stabnow objects to the R&R's conclusion that Minnesota's civil-commitment statute is constitutional, claiming that the R&R failed to fully engage in a constitutional analysis of the statutory scheme. But the Supreme Court has held that civil commitment

for sexually dangerous persons is constitutional. (R&R at 18 (citing *Kansas v. Hendricks*, 521 U.S. 346 (1997).) And Minnesota courts have repeatedly found that chapter 253D is a civil-commitment statute that is not punishment. (R&R at 19 (citing cases).) Moreover, the Eighth Circuit has ruled, albeit under different circumstances, that chapter 253D does not violate the Constitution. *Karsjens v. Piper*, 845 F.3d 394, 410–11 (8th Cir. 2017). Stabnow's claim that the statute is unconstitutional fails.

## VIII. New Claim

Stabnow's proposed Second Amended Complaint purports to raise a claim under 42 U.S.C. § 9501, the federal Bill of Rights for Mental Health Patients. (2d. Am. Compl. ¶ 3.) Stabnow does not specifically object to the R&R's conclusion that there is no private right of action under this statute. (R&R at 20.) But even had he objected, the law is clear that he may not bring a claim under this statute, *see Semler v. Finch*, No. 07-CV-4252 (JNE/RLE), 2008 WL 4151825, at *9 (D. Minn. Sept. 3, 2008) (collecting cases), and the R&R properly determined that allowing him to amend to raise such a claim would be futile.

## IX. State Claims

Finally, the R&R recommends that because all of Stabnow's federal claims are subject to dismissal, the Court should decline to exercise pendent jurisdiction over his state-law claims and dismiss those claims without prejudice. (R&R at 19–20.) Stabnow argues that he has properly pleaded his state-law claims and cites to the Minnesota Constitution's provision that every citizen is entitled to "obtain justice freely." (Pl.'s Obj.


at 13.) Whether Stabnow has stated a claim for any state-law violations, however, is not at issue. The Supreme Court has made clear that a federal court dismissing federal claims before trial should decline to exercise supplemental jurisdiction over any remaining state-law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Stabnow's state claims will therefore be dismissed without prejudice.

Having determined that Stabnow has failed to state any federal claims on which relief can be granted and that his state claims must likewise be dismissed, the Court agrees with the R&R's recommendation that Stabnow's motion for a temporary restraining order be denied. *See Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 972 (8th Cir. 2005) ("[A]n injunction cannot issue if there is no chance of success on the merits.").

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Stabnow's objections (ECF No. 90) and ACCEPTS the R&R (ECF No. 89) as set forth above. IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss (ECF No. 40) is GRANTED;

2. Plaintiff's Motion for a Temporary Restraining Order (ECF No. 48) is DENIED;

3. Plaintiff's Motion to Amend (ECF No. 81) is DENIED;

4. Plaintiff's claims for money damages against Defendants in their official capacities are DISMISSED without prejudice;

5. Plaintiff's state-law claims are DISMISSED without prejudice; and

6. Plaintiff's remaining claims are DISMISSED with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 30, 2020                              BY THE COURT:

                                                                                           s/Nancy E. Brasel
                                                                                            Nancy E. Brasel
                                                                                           United States District Judge